1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CONSTANT FITZGERLD YOUNG,

     Plaintiff(s),

v.

WALMART, INC., et al.,

     Defendant(s).

Case No. 2:23-cv-02016-MMD-NJK

**Order**

[Docket No. 19]

11    Pending before the Court is a stipulation to extend case management deadlines by 60 days.
12 Docket No. 19.

13    A request to extend unexpired deadlines in the scheduling order must be premised on a
14 showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns
15 on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.
16 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence
17 obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D.
18 Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire
19 period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967
20 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). That
21 a request is jointly submitted "neither mandates allowance of the extension sought nor exempts
22 parties from making the necessary showings to justify that relief. Failure to provide such showings
23 may result in denial of a stipulated request to extend the case management deadlines." *Williams*
24 *v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).[1]

25

26
27
28

---

[1] Moreover, although the Ninth Circuit has taken a more lenient approach to extensions in other contexts, it has been emphatic in the need and ability of district courts to enforce case management deadlines. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases); *see also Williams*, 627 F. Supp. 3d at 1177 n.3 (declining to apply case law outside the Rule 16 context to request to extend case management deadlines).

The instant request fails for a number of reasons.  First, the stipulation fails to account for the fact that the case management deadlines are meant to be firm and that counsel were already advised of such.  Docket No. 18 at 2 ("**NO FURTHER EXTENSIONS WILL BE GRANTED**") (emphasis in original).    Second, particularly in that context, vague reference to deposition scheduling difficulties is not sufficient to establish good cause.  Third, the stipulation fails to show as a threshold matter that the current deadlines cannot be met.  The request is predicated on the assertion that five depositions remain and that scheduling issues have delayed them.  Docket No. 19.  The current discovery cutoff does not expire until September 11, 2024.  Docket No. 18.  The Rule 30(b)(6) deposition is already set for August 14, 2024, *see* Docket No. 19, and there appears ample time within the current discovery period to schedule the other depositions.    Hence, there appears to be no reason articulated as to why the current case management deadlines cannot be met, let alone a reason why a 60-day extension would be warranted.

Accordingly, the stipulation to extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: July 25, 2024

_____
Nancy J. Koppe
United States Magistrate Judge